UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MERCEDES VALENTINO FLEMISTER,

        Petitioner,

                                  Case No. 2:16-cv-13126

v.                                          Honorable Victoria R. Roberts

CARMEN D. PALMER,

        Respondent.
_____/

## ORDER DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL [10]

Petitioner Mercedes Valentino Flemister filed a *pro se* habeas corpus petition challenging his state convictions for first-degree murder, armed robbery, first-degree home invasion, unlawfully driving away an automobile, and two firearm offenses. Petitioner alleges in his habeas petition that (1) his trial attorney's performance amounted to no lawyering at all, and (2) the trial court violated his right of confrontation by allowing the jury to hear testimony about his co-defendant's statements to a witness.

Now before the Court is Petitioner's motion for appointment of counsel in this case. Petitioner asserts that: he cannot afford to retain counsel; he has a limited educational background and limited knowledge of the law; his access to the prison law library is restricted; his case may turn on substantial and complex issues; and the ends of justice would be served by appointment of counsel.

Petitioner has no right to appointment of counsel on habeas corpus review. *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002) (citing *McCleskey v. Zant*, 499

U.S. 467, 495 (1991)).  Appointment of counsel in a civil proceeding such as this one,[1] "is justified only in exceptional circumstances.  To determine whether these exceptional circumstances exist, courts typically consider the type of case and the ability of the plaintiff to represent himself." *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003) (quotation marks and citations omitted).

Petitioner has ably represented himself so far, and he states that legal writers from the Michigan Department of Corrections Legal Writ Program are assisting him. Further, the interests of justice do not require appointment of counsel because the issues are not complex. The Court, therefore, denies Petitioner's motion to appoint counsel (ECF No. 10).

S/Victoria A. Roberts  
Victoria A. Roberts  
United States District Judge

Dated:  December 6, 2017

The undersigned certifies that a copy of this document was served on the attorneys of record and Mercedes Valentino Flemister by electronic means or U.S. Mail on December 6, 2017.

s/Linda Vertriest  
Deputy Clerk

---

[1] "It is well settled that habeas corpus is a civil proceeding." *Browder v. Dir. Dep't of Corr. of Illinois*, 434 U.S. 257, 269 (1978) (citing *Fisher v. Baker,* 203 U.S. 174, 181 (1906); *Ex parte Tom Tong,* 108 U.S. 556 (1883); and *Heflin v. United States,* 358 U.S. 415, 418 n. 7 (1959)).